```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MARGARET MORANT,

                        Plaintiff,
                                                MEMORANDUM & ORDER
            -against-                           11-CV-4140(JS)(GRB)

MIRACLE FINANCIAL, INC.,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiff:    Joseph Mauro, Esq.
                  The Law Office of Joseph Mauro, LLC
                  306 McCall Avenue
                  West Islip, NY 11795

For Defendant:    Gregory J. Gallo, Esq.
                  Pellegrino Law Firm
                  475 Whitney Avenue
                  New Haven, CT 06511
```

SEYBERT, District Judge:

Plaintiff Margaret Morant ("Plaintiff") commenced this action against Defendant Miracle Financial, Inc. ("Defendant" or "Miracle") asserting violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). Pending before the Court is Defendant's motion to dismiss and Plaintiff's cross-motion to amend her Complaint. For the following reasons, both motions are GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

Plaintiff asserts that, in or around March 2011, Miracle began calling her residence in an attempt to collect an alleged debt from a person named Theresa Brown. (Compl. ¶ 10.) On or about April 19, 2011, Plaintiff spoke with one of Miracle's representatives. (Compl. ¶ 14.) She informed him or her that Miracle had the wrong number and demanded that Miracle stop calling her. (Compl. ¶¶ 15-16.) Notwithstanding this conversation, Miracle called Plaintiff "several" times thereafter. (Compl. ¶¶ 17-18.)

On August 25, 2011, Plaintiff commenced this action asserting violations of four provisions of the FDCPA--Sections 1692d, 1692d(5), 1692b(1), and 1692b(3). (Docket Entry 1.) On October 11, 2011, Defendant answered the Complaint (Docket Entry 3), and on November 9, 2011, Defendant moved to dismiss pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Docket Entry 4). On November 19, 2011, Plaintiff filed a motion to amend her Complaint. (Docket Entry 5.) Plaintiff does not assert any new claims in her proposed Amended Complaint; rather, she amplifies the facts as stated in her original Complaint. On November 22, 2011, Plaintiff filed her opposition to Defendant's motion to dismiss. (Docket Entry 6.) Defendant has neither

---

[1] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purposes of this Memorandum and Order.

opposed Plaintiff's motion to amend nor submitted anything further in support of its motion to dismiss.

DISCUSSION

The Court will address Defendant's motion to dismiss before turning to the merits of Plaintiff's motion to amend.

I. Motion to Dismiss

A. Standard of Review under Rule 12(c)

The standard for deciding a motion pursuant to Rule 12(c) "is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) (citations omitted). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations in the complaint to "state a claim [for] relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint does not need "detailed factual allegations," but it demands "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. In addition, the facts pled in the complaint "must be enough to raise a right to relief above the speculative level." Id. Determining whether a plaintiff has met her burden is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v.

Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation omitted); accord Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

    B.   Alleged FDCPA Violations

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e). Plaintiff, in both her Complaint and proposed Amended Complaint, asserts that Defendant violated Sections 1692d, 1692d(5), 1692b(1), and 1692b(3) of the FDCPA. The Court will address the claims asserted under Sections 1692d and 1692b separately.

    1.   Claims under Section 1692d

Plaintiff asserts two claims under Section 1692d: one for a violation of subsection (5) and one under the section generally. Section 1692d provides, in relevant part, as follows:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of

4

> the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

Defendant makes three arguments in support of dismissal of these claims.

<u>First</u>, Defendant appears to be arguing that there is no cause of action for a violation of Section 1692d generally and that, to state a claim, Plaintiff must allege a violation of a specific subsection. The Court disagrees. "[T]he list of specified violations is explicitly not exhaustive; it is not intended to 'limit[] the general application' of the provision's sweeping prohibition of conduct 'the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.'" <u>Bank v. Pentagroup Fin., L.L.C.</u>, No. 08-CV-5293, 2009 WL 1606420, at *5 (E.D.N.Y. June 9, 2009) (second alteration in original) (quoting 15 U.S.C. § 1692d). Accordingly, the Court finds this argument to be without merit.

<u>Second</u>, Defendant argues that the Complaint fails to state a claim under Section 1692d(5) because there is nothing in the Complaint to suggest that the calls were made "repeatedly or continuously with intent to annoy, abuse, or harass" Plaintiff.

5

(Def. Mot. 7.) The Court disagrees. Plaintiff asserts that Miracle called her "several times," that each time she informed Miracle that the debtor could not be reached at that phone number, and that Miracle nonetheless called Plaintiff "several" more times thereafter. (Compl. ¶¶ 11-13, 15-18.) Courts have found similar allegations sufficient to survive a motion to dismiss. See, e.g., Shand-Pistilli v. Prof'l Account Servs., Inc., No. 10-CV-1808, 2010 WL 2978029, at *4 (E.D. Pa. July 26, 2010) (holding that allegations that the defendant made "continuous calls" to the plaintiff's home after the plaintiff asked the defendant to stop calling stated a plausible claim for relief under Section 1692d(5)); Stuart v. AR Res., Inc., No. 10-CV-3520, 2011 WL 904167, at *3 (E.D. Pa. Mar. 16, 2011) (finding that allegations of "repeated calls by Defendants, use of profane language, and refusal to cease calling" stated a claim under Section 1692d(5)); cf. Kavalin v. Global Credit & Collection Corp., No. 10-CV-0314, 2011 WL 1260210, at *4 (W.D.N.Y. Mar. 31, 2011) ("Courts have held that the question whether a debt collector's conduct in attempting to contact a debtor by telephone amounts to harassment or annoyance in violation of these provisions ultimately turns on evidence regarding volume, frequency, pattern, or substance of the phone calls.").

Finally, Defendant argues that Plaintiff does not have standing to bring these claims. The Court disagrees. Section 1692k, the general enforcement provision of the FDCPA, provides that "[e]xcept as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person . . . ." 15 U.S.C. § 1692k(a) (emphasis added). Courts have interpreted this language broadly to allow "[a]ny person who comes in contact with proscribed debt collection practices" to bring a claim. Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 175 (W.D.N.Y. 1988) (citation omitted); see also Whatley v. Universal Collection Bureau, Inc., 525 F. Supp. 1204, 1206 (N.D. Ga. 1981) (holding that "'any person,' as used in 15 U.S.C. § 1692k(a) includes persons . . . who claim they are harmed by proscribed debt collection practices directed to the collection of another person's debt"); Kerwin v. Remittance Assistance Corp., 559 F. Supp. 2d 1117, 1123 (D. Nev. 2008) ("Persons who do not owe money but are subject to improper practices by debt collectors are covered by the FDCPA.").

Therefore, the Court denies Defendant's motion to dismiss Plaintiff's claims under Sections 1692d and 1692d(5).

2. Claims under Section 1692b

Section 1692b provides in relevant part as follows:

> Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--
>
> (1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer; [and]
>
> (3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information . . . .

Defendant argues that Plaintiff's claims under this section must be dismissed because (i) Plaintiff does not have standing and (ii) Plaintiff never alleges that Defendant telephoned her residence "for the purpose of acquiring location information" about the debtor. Because the Court finds that Plaintiff does not have standing to assert these claims, it will not address the merit of Defendant's other argument.

Before getting to Defendant's standing argument, however, the Court must first address a threshold issue. Section 1692b contains a list of exceptions to Section 1692c(b), which prohibits a debt collector from communicating, in connection with the collection of a debt, with anyone other than the "consumer." 15 U.S.C. § 1692c(b). "Noncompliance with § 1692b is thus a violation of § 1692c(b), and not an

independent violation of the Act." Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290, 1297 (E.D. Mo. 2008). Therefore, the Court will analyze Plaintiff's claims as if they were properly brought under Section 1692c(b).

Although generally "any person" may bring a claim for a violation of the FDCPA, see supra page 7, courts have held that only a "consumer" has standing to bring a claim for relief under Section 1692c. See Bank, 2009 WL 1606420, at *4 ("Non-consumers lack standing to sue under 1692c."); see also Montgomery v. Huntington Bank, 346 F.3d 693, 696–97 (6th Cir. 2003) ("Only a 'consumer' has standing to sue for violations under 15 U.S.C. § 1692c." (internal quotation marks and citation omitted)); Mathis v. Omnium Worldwide, No. 04-CV-1614, 2006 WL 1582301, at *4-5 (D. Or. June 4, 2006) (collecting cases). "Consumer" is defined by the FDCPA as "any natural person obligated or allegedly obligated to pay a debt." 15 U.S.C. § 1692a(3). Here, Plaintiff does not assert that she was the alleged debtor, and, accordingly, she does not having standing to bring these claims. Therefore, the Court grants Defendant's motion to dismiss these claims.

## II. Motion to Amend

Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure, which provides that the Court should grant leave to amend "when justice so requires." FED. R.

Civ. P. 15(a)(2).  Leave to amend should be granted unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.  See Milanese v. Rust-Oleum Corp., 244 F.3d 104, 110 (2d Cir. 2001).  To determine whether an amended claim is futile, courts analyze whether the proposed pleading would withstand a motion to dismiss under Rule 12(b)(6) articulated above.  See Dougherty v. Town of N. Hempstead Bd. of Zoning Appeal, 282 F.3d 83, 88 (2d Cir. 2002).

Here, Plaintiff's Amended Complaint is substantially similar to her original Complaint.  It asserts violations of 15 U.S.C. §§ 1692d, 1692d(5), 1692b(1), 1692b(3) arising out of Miracle's calling Plaintiff in an attempt to collect an alleged debt from Theresa Brown.  Accordingly, the Court finds that the proposed amendments with respect to the claims under Section 1692b are futile, and, to the extent that Plaintiff seeks leave to amend those claims, her motion is denied.  Plaintiff's proposed amendments to the claims under Section 1692d, on the other hand, are not futile for the reasons discussed above. Therefore, the Court grants Plaintiff leave to amend those claims.

CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

(1) Defendant's motion to dismiss is GRANTED IN PART and DENIED IN PART, and Plaintiff's claims arising under Section 1692b are hereby DISMISSED WITH PREJUDICE; and

(2) Plaintiff's motion to amend her Complaint is GRANTED IN PART and DENIED IN PART: Plaintiff is GRANTED leave to amend her claims under Section 1692d only.

The Clerk of the Court is directed to docket the proposed Amended Complaint at Docket Entry 5-2 as a separate docket entry entitled "Amended Complaint."

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated: September 17, 2012
       Central Islip, New York